## Ex parte BERT MILLER.

No. A-10708.   May 22, 1946.

(169 P. 2d 575.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, J.   Petitioner, Bert Miller, has filed his petition for writ of habeas corpus, seeking his release from the State Penitentiary at McAlester, where he is now confined by reason of a judgment and sentence of the district court of McCurtain county, entered on June 16, 1943, wherein he was sentenced to serve a life term of imprisonment for murder.

Petitioner was tried in the district court of McCurtain county on May 24, 1943. He was represented by counsel appointed by the court on May 5, 1943. He was convicted by a jury on May 25, 1943, and filed a motion for a new trial, which was later withdrawn, and he was sentenced at the time and in the manner above stated. No appeal was taken by petitioner from the judgment and sentence pronounced against him.

This court has so many times announced the rule that the writ of habeas corpus can not be substituted for an appeal that it is unnecessary to cite the authorities so holding. It is only when the judgment and sentence is void that this court will give relief by habeas corpus.

It is urged by petitioner that the exhibits attached to his petition reveal that the district court of McCurtain county did not have jurisdiction, and that the judgment and sentence is therefore void. To sustain this contention, it is claimed that the information shows that it was not verified and that the record does not reveal that a verified complaint was ever filed in the justice of the peace court, or that any copy of any complaint was ever filed in the district court prior to the filing of the information by the county attorney in the district court.

While these questions may not be presented by habeas corpus, where no appeal has been taken, we call attention to the case of Dan Landon v. State, 166 P.2d 781, in which this identical question is discussed in a case on appeal to this court and which was not here by habeas corpus. Many cases are there cited that are applicable to the question here raised. The third, fourth and fifth paragraphs of the syllabus in that case read:

"The right to have a preliminary examination is for the benefit of the accused and proper proceeding to raise question of failure to have preliminary examination is by a motion to quash or set aside the information before entering a plea to the information.

"Where defendant voluntarily enters a plea to the information and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have a preliminary examination or that the criminal complaint filed before the justice of the peace was unverified or that it was verified by an incompetent witness.

"It is not required that informations charging the defendant with a felony in the District Court be verified, but they should be signed by the County Attorney. 22 O. S. 1941 § 303."

The contention that petitioner is being restrained of his liberty contrary to the Fifth Amendment to the Constitution of the United States, and section 17, art. 2 of the State Constitution, cannot be sustained, after a consideration of the record.

For the reasons stated, the petition for habeas corpus is denied.

JONES, P. J., concurs. DOYLE, J., not participating.