Harry D. SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14514.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

As Modified on Rehearing Dec. 24, 1969.

Frank H. Jaques, Ada, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Harry D. Smith, hereafter referred to as defendant, was convicted in the District Court of Pontotoc County, Oklahoma, for the crime of Second Degree Forgery, After Former Conviction of a Felony. Defendant had court appointed counsel and was tried by a jury in a two-stage proceeding, after which the jury assessed defendant's punishment at fifteen years confinement in the state penitentiary. Judgment and sentence was imposed on May 26, 1967, from which this appeal was lodged.

■ Defendant first complains in his brief that the delay of ten days in bringing him before a magistrate, and the appointment of counsel violated his rights. In this case, defendant has not sufficiently shown prejudiced by such delay. See: In re Dare, Okl.Cr., 370 P.2d 846 (1962), and Brown v. State, Okl.Cr., 384 P.2d 54 (1963).

■ Defendant's second complaint contends that the handwritting specimens obtained before he was provided legal counsel violated his rights under Article 2, § 21, of the Oklahoma Constitution, to Wit: "No person shall be compelled to give evidence which will tend to incriminate him, * * *." In the instant case, we reject the idea of compulsion claimed by defendant. We believe the Attorney General is correct when he states in his brief, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, provides that it is not required that counsel be present when handwriting exemplars are taken from an accused; nor does the taking of such exemplars violate the constitutional rights of the defendant. We believe this is especially true in the instant case. We also agree

with the Attorney General's statement, that handwriting exemplars are comparable to fingerprints, in that such is an identifying physical characteristic. See Gilbert v. California, supra. We therefore reject defendant's second proposition.

■ Defendant's third proposition sets forth that it was error for the trial court to deny his motion, to require the detective to produce the notes he made, when defendant's accomplice offered his oral statement to the detective. We believe the trial court was correct in denying defendant's motion. The detective's notes were his personal property; and they were not subject to being introduced into evidence, and contained no evidence favorable to defendant. They were certainly not admissible for the purpose stated by defendant's counsel, to discredit the testimony of defendant's accomplice.

■ Lastly defendant complains that the court appointed counsel lacked the experience and skill possessed by the prosecutor; and because of defense counsel's short experience as an attorney, defendant was denied proper representation. We have reviewed the trial record filed in this appeal and conclude that defense counsel's representation for this defendant was not lacking; but instead, he served the defendant well and assured that his client received a fair trial. We also find that defense counsel was, and still remains, a member in good standing of the Oklahoma Bar Association; and that he offered defendant his complete loyalty, and served defendant in good faith to the best of his ability. As the United States Court of Appeals, Seventh Circuit, provided in United States ex rel. Weber v. Ragen, 176 F.2d 579 (1949):

"A defendant in criminal prosecution for whom an attorney is appointed by court is entitled to a fair trial, not to a perfect trial, and services of appointed attorney meet requirements of due process clause of Fourteenth Amendment where appointed attorney is a member in good standing at the bar, gives defendant his complete loyalty, serves defendant in

good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice."

Likewise, the record before the Court does not reflect any objections on the part of the defendant to being represented by his court appointed counsel. This Court provided in Manley v. Raines, Okl.Cr., 348 P.2d 189:

"The burden is on petitioner to show facts; to show that he objected to being represented by counsel; that counsel failed in some manner to properly present petitioner's defense * * *."

The opinion in this matter was rendered on October 22, 1969, and within the time prescribed by the Rules of this Court, defendant filed his petition for rehearing in which he challenges the second stage of his trial. He alleges in his petition that the former convictions used in the second stage of his trial fail to meet the requirements of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

We have reviewed defendant's former convictions and find that his complaint is meritorious. While the Texas conviction sustained in Tarrant County District Court, Case No. 47793, shows defendant had counsel and was represented by the Honorable Levi Pressley, the record reflects that the Creek County, Oklahoma, conviction does not meet the requirements of Burgett v. Texas, supra.

We are therefore of the opinion that the sentence imposed on defendant in this case should be modified. Insofar as this defect in the second stage of the proceedings does not affect the jury's findings on the first stage, the judgment on the charge of forgery is not affected.

It is therefore the order of this Court that the sentence imposed in Pontotoc County District Court on May 26, 1967, in Case No. 4697, should be modified from fifteen (15) years to seven (7) years, and as modified, the judgment and sentence is affirmed; and the Warden of the State

Penitentiary at McAlester, Oklahoma, is hereby directed to correct defendant's records to reflect his conviction for Second Degree Forgery and said modification of sentence to seven years confinement.

BUSSEY and NIX, JJ., concur.