James JOHNSON aka Leon Thomas Proctor, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14933.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, James Johnson aka Leon Thomas Proctor, hereinafter referred to as the defendant was charged by information with the crime of robbery with firearms, tried by a jury and found guilty as charged in the District Court of Oklahoma County, Case No. 34021. The jury left the punishment to the court and the judgment and sentence was imposed on March 27, 1968, sentencing defendant to 17 years imprisonment.

An appeal has been perfected for the defendant by court-appointed counsel, the Public Defender of Oklahoma County, suggesting as arguable matters "appellate consideration of the evidence" and "consideration of the punishment." The defendant has filed a pro se supplemental brief urging other errors.

From the evidence it appears that Robert Allen Sheldon was delivering on a wholesale milk route in Oklahoma City on December 10, 1966, when two men armed with guns forced him into his truck and robbed him, taking his black billfold. One of the robbers, identified by Sheldon as the defendant, wore a green sweater, white shirt, and black trousers. The robbery occurred approximately 2:00 P.M., and the weapon was described as a blue steel automatic, approximately .25 caliber.

An El Reno Police Officer, operating on police radio information, arrested the defendant in El Reno at about 3:15 P.M. on the same day in an automobile in which he found two automatic pistols, approximately .25 caliber, a shot gun, ammunition and a black billfold.

Two witnesses each testified that on the day and time of the robbery the defendant was at the house of one of the witnesses in Oklahoma City.

It is apparent from a review of the evidence that there was competent evidence from which the jury could conclude defendant was guilty although the evidence was in conflict. As this Court stated in Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn threfrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

■ There is no merit to the contention that the conviction is illegal because defendant was charged by information rather than a grand jury indictment. In Ryan v. State, Okl.Cr., 451 P.2d 383 (1969), this Court held:

"The Constitution of Oklahoma, Art. 2, Sec. 17, authorizes prosecution for felonies by information after examination and commitment by a magistrate or by indictment by a grand jury. These are concurrent remedies and the prosecution may be by either mode."

This has been the rule in Oklahoma since the early case of In re McNaught, 1 Okl. Cr. 528, 99 P. 241 (1909). This Court expressly held in Fesmire v. State, Okl.Cr., 456 P.2d 573, that prosecution by information does not violate either the Fourteenth or Fifth Amendment of the Constitution of the United States.

■ Defendant further cites as error that the judgment and sentence was rendered through passion and prejudice of the jury because of the inflammatory remarks of the witness Sheldon in identifying the defendant as "The nigger. The second man." Defendant argues that this remark violates his civil rights, which is a matter beyond our consideration as we are concerned with the validity of his criminal conviction. Granting that the term used by the witness was improper, we cannot hold as a matter of law that it so inflamed the jury as to render a judgment unsupported by the evidence. It will be noted that the jury did not assess the punishment but left this consideration for the court. Thus, we could not hold that the sentence imposed was a result of passion and prejudice resulting from the remark of the witness.

■ The defendant further argues that because of his court-appointed counsel's failure to object to the remark of the witness that he was denied adequate representation of legal counsel. We cannot say that this event in and of itself would indicate inadequate legal representation. A defendant in a criminal prosecution for whom an attorney is appointed by the court is entitled to a fair trial, not to a perfect trial, and services of appointed counsel meet the requirements of the due process clause of the Fourteenth Amendment where appointed counsel is a member in good standing of a bar, gives the defendant his complete loyalty, serves defendant in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings.

Smith v. State, Okl.Cr., 462 P.2d 328 (1969).

The punishment imposed is within the limits provided by statute. 21 O.S.1961, § 798. 21 O.S.1961, § 800. We are not of the opinion that the sentence is unsupported by the evidence or that there are errors occurring in the record which would require modification of the sentence. Accordingly, we find that the judgment and sentence must be affirmed as there are no errors which require reversal or modification. The defendant had a fair and impartial trial, and the record is free of fundamental error, and the evidence amply supports the verdict of the jury. Judgment and sentence affirmed.

BRETT, P. J., and BUSSEY, J., concur.