**Donald V. HATCH Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17640.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Tom R. Stephenson, Watonga, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

BUSSEY, Presiding Judge.

Appellant, Donald V. Hatch, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Blaine County, Oklahoma, for the offense of Resisting an Officer; his punishment was fixed at sixty (60) days in the county jail and a fine of Two Hundred Dollars ($200.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, John Robbins testified that on July 5, 1971 he was employed as the City Marshall of Canton. At about 6:30 p. m., he observed the defendant and his wife standing outside a bar in Canton, both "cussing" each other. He approached the couple to "find out what was going on" and the defendant went inside the bar. After talking to Mrs. Hatch for a short period, he determined that she wanted to file a complaint against her husband. Robbins went into the bar and observed the defendant sitting at the bar drinking a beer. He asked the defendant to come outside whereupon the defendant stated, " 'You will have to handcuff me if you want me outside.' " The officer informed him that he was under arrest for disturbing the peace and the defendant still refused to go outside. Officer Robbins then went back to his patrol car to get his handcuffs. He attempted to put the handcuffs on the defendant, the defendant resisted and they both fell to the floor. After a short struggle, he was able to handcuff the defendant and remove him from the tavern. He denied striking the defendant with any weapon.

Eunice Richter testified that she was working in the tavern on the evening in question. The defendant came into the bar and ordered a beer, followed shortly thereafter by Mr. Robbins. Robbins told the defendant that he wanted him to come outside and the defendant stated that he wanted to finish his beer. Robbins then said, " 'Well, if I have to, I'll put you under arrest.' " The defendant replied, " 'Well, you are going to have to.' " Thereupon, Robbins told him that he was under arrest. The defendant decided he was going to drink the rest of his beer before he left and said, " 'you will have to put the handcuffs on me.' " Mr. Robbins attempted to place the handcuffs on the defendant and "they got in a brawl in the middle of the floor."

The testimony of Walt Richter did not differ substantially from that of his wife, Eunice.

The defendant testified that on the afternoon in question, he was to meet his wife and children at the lake. After waiting

there for approximately one hour, he decided to return to Canton. He parked near the bar and about that time his wife drove up. They discussed why they missed each other at the lake and his wife opened the door, striking him on the leg. He told her that if she did that again he "would knock the hell out of her." He suggested to his wife that they go into the bar and get a few beers and then go to the lake. About that time, Officer Robbins walked up and said he wanted to talk to them. He told the officer that he was going in to drink a beer and that he would be right back out to talk to him. He went into the bar and ordered a beer, wherein the officer came in and said he wanted to talk to him. The defendant informed him that he would go outside after he finished his beer and the officer stated that he wanted him to go now. He informed the officer that he would have to handcuff him and arrest him before he would leave as he did not think he had done anything. He testified that the officer hit him in front of the eye with his blackjack and he fell to the floor.

Viola Hatch, the defendant's wife, testified that she was supposed to meet the defendant at the lake and after looking for him, returned to town. They had a discussion about why they had missed each other at the lake and she opened the door of her car, striking the defendant's leg. The defendant became mad but quickly settled down and suggested that they go into the bar for a beer. The officer drove up and informed her that he wanted to talk to her. She started to go into the bar and the officer told her to get in his car. She denied telling the officer that she wanted to file charges against the defendant. A short while later, the officer brought her husband from the bar handcuffed with blood streaming from his face.

Ilene Lewis testified that she was in the bar on the evening in question. The defendant was drinking a beer when the officer came in and said, " 'Let's go.' " The defendant replied, " 'Let me finish my beer.' " and the officer hit him on the head with a blackjack.

The first proposition asserts that there was insufficient evidence to "show a crime had been committed so that an arrest would be required by the officer." We are of the opinion that this proposition is without merit. Officer Robbins testified that he observed the defendant and his wife cursing each other in a public place. Title 22 O.S., § 196, provides in relevant part as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence. * * *"

Officer Robbins was thus justified in placing the defendant under arrest for disturbing the peace.

The next proposition contends that the defendant's trial attorney failed to adequately represent him at his trial. Defendant presented a similar contention at the Motion for New Trial wherein the following transpired:

"MR. STEPHENSON: Your honor, yes, sir, I would at this time like to present this motion for new trial based upon facts substantially as they are stated in the motion for new trial and based on the conversation and the statements made by counsel, Mr. Rao, at this time I feel it is quite clear his conversational English is not the best and that because of this my client, Mr. Hatch, was prejudiced to the jury in this regard and therefore we would ask the court to sustain this motion and grant a new trial in this cause.

"MR. GOERKE: You have filed an affidavit accompanying this. Is that correct?

"MR. STEPHENSON: That is correct, and the affidavit so states pretty well what I have just said.

"MR. GOERKE: You have made inquiry that Mr. Rao is admitted to practice law in the State of Oklahoma by the Oklahoma Bar Association?

"MR. STEPHENSON: Under a temporary permit for the federal government Vista program.

"MR. GOERKE: He has been admitted? My question is he is [sic] presently a member of the Oklahoma Bar Association?

"MR. STEPHENSON: That is correct.

"MR. GOERKE: And is authorized to practice law in Oklahoma?

"MR. STEPHENSON: That is correct.

"MR. GOERKE: Authorized to represent this defendant?

"MR. STEPHENSON: That is correct." (Tr. 70-71)

In dealing with a similar proposition in Johnson v. State, Okl.Cr., 476 P.2d 395, we stated:

"The defendant further argues that because of his court-appointed counsel's failure to object to the remark of the witness that he was denied adequate representation of legal counsel. We cannot say that this event in and of itself would indicate inadequate legal representation. A defendant in a criminal prosecution for whom an attorney is appointed by the court is entitled to a fair trial, not to a perfect trial, and services of appointed counsel meet the requirements of the due process clause of the Fourteenth Amendment where appointed counsel is a member in good standing of a bar, gives the defendant his complete loyalty, serves defendant in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings. [Citation omitted.]"

A review of the entire record shows that the defendant's attorney rigorously cross-examined all of the State's witnesses and presented the defendant's evidence in a competent manner to the extent that the trial was not a sham, farce or a mockery of justice. It was sadly a case where the defendant's attorney had little to work with. We, therefore, find this proposition to be without merit.

The final proposition asserts that the District Attorney made inflammatory remarks concerning the defendant in his closing argument. We have carefully examined the alleged improper remarks of the prosecuting attorney and are of the opinion that the same do not constitute fundamental error. We further observe that no objection was made at the trial to the alleged improper remarks. We have previously held that where the guilt of the defendant is clear and there is no reason to believe the jury could arrive at any other verdict but guilty, the Court will not reverse a case because of improper conduct of the prosecuting attorney. See Turner v. State, Okl.Cr., 497 P.2d 456.

Considering the limited financial condition of the defendant, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of sixty (60) days in the county jail, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs.