**Larry Doyle BUZZARD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17886.**

Court of Criminal Appeals of Oklahoma.

April 13, 1973.

Leslie R. Earl, Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Larry Doyle Buzzard, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Case No. CRF–72–291, for the crime of Uttering a Forged Instrument. He was sentenced to serve a term of five (5) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the trial, Roger Wood testified that on January 28, 1972, he owned a BankAmericard credit card which had his own signature upon it. According to Wood, on the evening of the above mentioned date he was at a lounge and met a girl. Upon leaving the lounge, Wood and the girl retired to a motel room. Some days later Mr. Wood discovered that his BankAmericard, in addition to several other credit cards, was missing from his wallet.

Carol Doud, a supervisor at the Avis Rent-a-Car located at the Tulsa Airport, stated that on January 31, 1972, she was so employed and that defendant came to her counter, presented a BankAmericard credit card, which belonged to Wood, and rented an automobile, holding himself out as Roger Wood. Doud prepared a rental agreement, signed by defendant, and a BankAmericard sales draft, also signed by defendant. According to Doud, she requested that the defendant give proof of identity as being Roger Wood. Defendant exhibited to Doud a Missouri Operator's License made out in the name of Roger W. Wood, but unsigned.

Officer Clay Cullen, Tulsa Police Department, testified that on February 8, 1972, he had occasion to arrest defendant in an automobile, which necessitated the officer firing a bullet into the tire of the automobile in order to effect this arrest.

Bill Jones, also a Tulsa police officer, stated that on the day of defendant's arrest, he interrogated defendant, after defendant had been adequately advised of his constitutional rights, concerning the use of the BankAmericard belonging to Roger Wood. According to Jones, defendant stated that he rented the card for one week at $5.00 from a hippy type person. Jones further stated that defendant was requested to fill out a handwriting exemplar on the same day. According to Jones, the defendant freely and voluntarily signed the handwriting exemplar. Jones stated that defendant did not request counsel but kept saying that the "organization" would help him.

Ernie Smith, Documents Investigator for the Oklahoma State Bureau of Investigation, gave the opinion that whoever filled out the handwriting exemplar was the same person who signed the Avis rental

agreement and BankAmericard Sales Draft.

The defendant testified that he was not at the Tulsa Airport or at the Avis Car Rental office located in the airport on January 31, 1972. He stated that on that night he was at home and that he did not use the BankAmericard belonging to Roger Wood to rent a car from Avis. Defendant further stated that he was forced to give the handwriting exemplar and that he gave it involuntarily. According to defendant, he did in fact request counsel before signing the exemplar, but was denied this right.

Defendant's first proposition asserts that the handwriting exemplar obtained from defendant violated defendant's State and United States Constitutional Rights in that defendant was compelled to give self-incriminating evidence without the presence of counsel. In the case of Stott v. State, Okl.Cr., 494 P.2d 678 (1972) we cited with approval the case of Smith v. State, Okl.Cr., 462 P.2d 328 wherein we stated:

> "We believe the Attorney General is correct when he states in his brief, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, provides that it is not required that counsel be present when handwriting exemplars are taken from an accused; nor does the taking of such exemplars violate the constitutional rights of the defendant."

We believe the *Smith* case is applicable to the *instant* case, especially in the light of the recent United States Supreme Court case of United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99, wherein that court held that furnishing a handwriting specimen violated no legitimate Fourth Amendment interest. We reject the idea of compulsion claimed by the defendant and find that this proposition is without merit.

The next asserted error of the defendant contends that the verdict was contrary to law and that the punishment was excessive, appearing to have been given under the influence of passion or prejudice. We have repeatedly held that where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret out the truth, and if there is competent evidence to support the jury's findings, the Court of Criminal Appeals will not disturb the verdict on appeal. Enoch v. State, Okl.Cr., 495 P.2d 411 (1972). Furthermore, the punishment imposed was not so excessive as to shock the court's conscience. The punishment was, on the contrary, within the permissible limits imposed by statute.

The final assertion of error by the defendant, in two propositions, contends that the trial court erred in giving instructions excepted to by the defendant, and that error was committed in not proving the After Former Conviction of a Felony as alleged in the information. Both of these assertions are without merit. The record does not disclose that defendant objected to or excepted to any instructions given by the trial court, nor did the information allege the charge to be anything other than Uttering a Forged Instrument under 21 O.S.1971 § 1592.

In conclusion we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.