**Milton Gene YORK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–822.**

Court of Criminal Appeals of Oklahoma.

May 6, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

PER CURIAM:

Appellant, Milton Gene York, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–1772, for the offense of Forgery in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1577. His punishment was fixed at twenty-five (25) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Ms. Patsy Rutledge testified for the State. She testified that on June 2, 1973, she was employed as a teller at the drive-in banking facility of May Avenue Bank and Trust Company. On that day sometime shortly after twelve noon, a man, whom she identified as the defendant, drove up to her teller's window and presented for payment a check in the amount of $456.00. The check was drawn on the account of Great Plains Life Insurance Company of America (Great Plains). After checking the account balance to be certain that it was adequate to cover the check, the check was cashed. Defendant took the money and drove off. Ms. Rutledge identified State's Exhibit No. 1 as the check that defendant presented and she cashed on June 2, 1973. The payee on the check was "John Sinku" and the drawer was "Richard O. Trent" for Great Plains.

Richard O. Trent, whose alleged signature appeared as drawer on the check, testified that he had never authorized anyone to sign his name to the check that was State's Exhibit No. 1. He further testified that he was not employed by or affiliated in any manner with Great Plains.

The president of Great Plains, Ross Duckett, was the State's next witness. He testified that sometime prior to June 2, 1973, he had ordered checks similar to the one cashed by the defendant. Duckett stated the checks were never used because they provided only one line for the signature and it was the policy of Great Plains to require two signatures on all company checks. The witness said that Richard O. Trent was not authorized to sign checks for Great Plains and that the only persons so authorized were himself and one Paul Schwoerke.

John Sinko, whose name was incorrectly signed as John Sinku on State's Exhibit No. 1, was also called by the State. He stated that he had not signed his name nor authorized anyone to sign his name to the check in question.

Oklahoma City Police Detective W. L. Kerlick testified that as part of his job duties he had participated in the investigation of the check in question. He stated that he went to a trailer park in the Midwest City area to talk to Mrs. Ruth Barker, who performed janitorial services at the office of Great Plains. Detective Kerlick said that he and Officer George Englebretson knocked and were invited into the Barker trailer by the defendant. The defendant and Mrs. Barker were then advised of their constitutional rights and told that the officers were investigating the Great Plains' check that had been cashed on June 2, 1973. Both the defendant and Mrs. Barker indicated that they understood their rights and agreed to execute handwriting exemplars. The completed exemplars were then taken to the police station by Officer Englebretson.

Officer Englebretson testified that, based on his training and his experience in document examination, he concluded that the defendant's handwriting, as shown by the exemplar and the handwriting on the check, were that of the same person. This testimony concluded the evidence presented on the forgery charge.

After the jury returned a verdict of guilty on the charge of Forgery in the Second Degree, the State's evidence of the

**302**

defendant's prior felony convictions was admitted into evidence. The defendant did not controvert any of the evidence as to his prior felony convictions.

 The defendant's first proposition of error is that there is insufficient evidence upon which to base a verdict of guilty. With this contention we cannot agree. In examining the record, we find evidence in the testimony of the State's witnesses, which, if believed, would justify the guilty verdict returned by the jury. In Fields v. State, Okl.Cr., 322 P.2d 431 (1958), this Court stated:

> "The function of the Court of Criminal Appeals is limited to ascertaining whether there is a basis, in evidence, on which the jury can reasonably conclude that accused is guilty as charged."

In this regard, see also, Disheroon v. State, Okl.Cr., 357 P.2d 236 (1960), and Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

 The defendant's second proposition of error is that the punishment imposed is excessive. We need only observe that the punishment is well within the range provided by law and does not shock the conscience of this Court. See, Turner v. State, Okl.Cr., 479 P.2d 631 (1971).

 The third proposition of error raised by defendant is that the handwriting exemplar introduced at trial was unlawfully obtained. However, Detective W. L. Kerlick testified, without contradiction, that the defendant voluntarily gave the exemplar after having been advised of his constitutional rights. In Smith v. State, Okl.Cr., 462 P.2d 328 (1969), this Court stated that the taking of such exemplars, where the defendant is under no compulsion to give them, does not violate the rights of the defendant under Article 2, § 21, of the Oklahoma Constitution. This Court, in *Smith,* supra, cites Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178 (1967). *Gilbert* holds that the taking of such exemplars does not violate the Fifth Amendment privilege against self-incrimination under the United States Constitution. Therefore, we find this proposition to be without merit.

 The final proposition of error raised by the defendant is that it was error to try him in jail clothing rather than street clothing. The record reveals that defendant was given an opportunity to dress in street clothing for the trial. Before the jury was empaneled the Court asked defendant whether he wished to be tried in his jail clothes or the street clothes provided him by the jailer. The defendant and his counsel examined the street clothes available and defendant decided to be tried in jail clothing. Therefore, if error was committed by trying the defendant in his jail clothing, any objection to that error was waived by the defendant's election to be so attired at trial. See Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273 (1940); French v. State, Okl.Cr., 416 P.2d 171 (1966); and Peters v. State, Okl.Cr., 516 P.2d 1372 (1973).

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, affirmed.