Kenny ATKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–887.

Court of Criminal Appeals of Oklahoma.

April 11, 1977.

Don Sullivan, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Kenny Atkins, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, LeFlore County, Case No. CRF–75–36, with the offense of Receiving Stolen Property, in violation of 21 O.S.1971, § 1713. Punishment was assessed at a term of two (2) years at the Oklahoma State Penitentiary. From said judgment and sentence, an appeal has been perfected to this Court.

The evidence as revealed by the trial is as follows: The first witness called by the State was Leo Boozman. He testified that prior to his recent retirement, he had been the Insurance agent for M.F.A. and tag agent for the State of Oklahoma at Arkoma. That in relation to the tag agency business, he had various items in his office which were on consignment from the Oklahoma Tax Commission. These items consisted of car titles, transfer titles, boat titles and driver's license receipts.

Mr. Boozman further testified that on the 24th or 26th of February, 1975, some person or persons broke into the tag office and stole these items. He had no further contact with the stolen items until April 6th, 1976. On said date, he was called to the Arkoma Police Department where he identified the missing items.

Hilton Kennedy, a part-time employee of the Pocola Police Department, next testified that he had been approached by Alfred Upchurch subsequent to the alleged break-in. Mr. Upchurch had in his possession some burned titles and corners of burned titles, inquired if the police were looking for them. Mr. Upchurch indicated he knew where a bag of the titles was buried.

Mr. Kennedy then stated that based on this information, he and two other officers went to the residence of Hoyt Atkins. They obtained Mr. Atkin's permission to

conduct a search of the premises. Thereupon, they found buried, a U.S. Army duffle bag, containing the missing car titles.

Officer Jimmy John Howard substantially corroborated this testimony by Hilton Kennedy. Additionally, he identified the defendant as the brother of Hoyt Atkins.

Lewis M. Shaw, a criminal investigator with the KEDDO Mobile Crime Lab, testified that he had been called to Arkoma on the 6th of April, 1976, and took possession of the duffle bag and its contents. He took them to McAlister and processed them for fingerprints. The search failed to produce any prints.

Gerald Branman, a partner of Lewis Shaw at the KEDDO Crime Lab, provided essentially the same testimony as Lewis Shaw.

Alfred Upchurch testified that on the 28th of March, 1975, he was employed by the defendant's brother, Hoyt Atkins. On the day in question, he had gone to the house of Orville Satterfield after work. Thereafter he and Orville had driven up to Hoyt's house to help him.

Alfred Upchurch further testified that as he arrived at Hoyt's house, he witnessed the defendant, Hoyt and one other person remove a green bag from a yellow, foreign car. The bag was carried into the house. He entered the house and saw a bunch of papers laid out on the floor. These papers resembled car titles.

The papers were put into a green duffle bag and carried outside, where some of the titles were taken to a trash can and burned. The remaining titles were taken down by the pond and buried by the defendant. Subsequently, he informed Officer Kennedy about this incident.

On cross-examination, it was established that on the day in question Alfred Upchurch was and had been drinking.

The State rested.

The defense called Orville Satterfield as its only witness. He testified that on the day in question, he and Alfred had gone to Hoyt's to help fix a truck. Alfred had been drinking and stopped on the way to Hoyt's

to buy some more liquor. He further testified that he could not remember if Alfred Upchurch entered the house that day. He did not see any green bag or papers. Also, he did not see anything burned or buried.

The defense then rested its case.

In rebuttal the state introduced the testimonies of Sam Sparks, Jimmy John Howard and Milton Kennedy. Each attacked the credibility of the defense witness.

As his first assignment of error, defendant contends that the court erred in refusing to sustain his motion to quash the information. Defense counsel objected to and made oral motions to quash the information and dismiss the case at trial. (Tr. 104).

The alleged error is not properly before the Court. Defense counsel failed to timely file a verified written motion to quash. An oral motion is not the proper method to attack the information. *Wright v. State,* Okl.Cr., 505 P.2d 507 (1973); 22 O.S.1971, § 494. If the motion to quash is not verified, it is not properly before the court. *Mahan v. State,* Okl.Cr., 508 P.2d 703 (1973); 22 O.S.1971, § 494. And, if the motion to quash is not filed before a plea is entered to the indictment or information the defendant waives any defect in the information that could have been raised by motion to quash. See, *Wright, supra.* However, dealing with the identical issue we held in *Ex parte Miller,* 82 Okl.Cr. 315, 169 P.2d 574 (1946), that failure to timely file a motion to quash waived the failure to verify an information.

As his second assignment of error, defendant asserts that his right to a fair and impartial trial was impaired when recesses were granted or allowed during the testimony of the State's "chief witness." Defense counsel contends that these actions during the trial caused the jury to be sympathetic with the witness and to give his testimony more credence than it should have.

The Court finds no error. Although entitled to a fair and impartial trial, defendant is not entitled to a perfect one,

*Hatch v. State,* Okl.Cr., 501 P.2d 1396 (1972). The alleged sympathy is, at best, mere speculation unsupported by the evidence at trial. Furthermore, any possible error was cured by Instruction No. 12 which was given to the jury and said in part: "You should not allow sympathy, sentiment, or prejudice to affect you in doing so, but should do your duties as jurors impartially and faithfully, as you swore you would do."

As his final assignment of error, defendant asserts that the verdict of the jury is contrary to the evidence and there is no competent evidence to sustain the verdict. Even the most cursory examination of the evidence as set out in this opinion demonstrates that the evidence is ample to support the verdict of the jury. And, "the Court of Criminal Appeals will not substitute its judgment for that of the jury where there is evidence reasonably tending to support conclusions arrived at by the jury." *Townley v. State,* Okl.Cr., 355 P.2d 420, 431 (1959).

Defense counsel cites *Rutherford v. State,* 95 Okl.Cr. 311, 245 P.2d 96 (1952), as requiring reversal if the trial is influenced by passion or prejudice. We agree. However, defense counsel has failed to show either. Therefore, the Court finds no error.

For the above and foregoing reasons the judgment and sentence appealed from is hereby *AFFIRMED.*