Donald SKIDMORE, Appellant,

v.

The CITY OF OKLAHOMA CITY, Appellee.

No. M–79–328.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1981.

---

**2.** It is apparent from the record that defendant was twenty nine (29) years of age at the time of the trial.

Carroll E. Gregg, Miskovsky, Sullivan & Gregg, Oklahoma City, for appellant.

Walter M. Powell, Municipal Counselor, Grant E. Price, Asst. Municipal Counselor, City of Oklahoma City, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Donald Skidmore, appellant, was convicted in a non-jury trial in the Municipal Court of Record in the City of Oklahoma City, Case No. 45057, for Offering to Engage in an Act of Lewdness, with punishment set at ninety (90) days' imprisonment, eighty (80) days of which were suspended on condition that the appellant attend probation meetings during the suspension period, and pay a fine of One Hundred Dollars ($100.00) plus court costs. On appeal, he raises three assignments of error.

The appellant first contends that the court erred in failing to sustain a demurrer to the information. Our examination of the information, and a comparison of it to the provisions of Section 21–87 of the Oklahoma City Code 1970, leads us to conclude that it sets forth the charge with such clarity that a person of ordinary understanding could prepare his defense and plead former jeopardy in the event of a subsequent prosecution for the same offense. See, *Cooks v. State*, 560 P.2d 1019 (Okl.Cr.1977). The appellant's complaint relating to the verification of the information was waived when the appellant entered his plea of not guilty without first asserting this claim. See, *Atkins v. State*, 562 P.2d 947 (Okl.Cr.1977) and *Farmer v. State*, 565 P.2d 1068 (Okl.Cr.1977).

The appellant's next contention, that he was entrapped, is not supported by the record. The undisputed facts are that on October 17, 1978, at approximately 6:40 p. m., the appellant, driving a red pickup truck, pulled over to the curb of a down-

town Oklahoma City street and motioned for a woman standing there to come over to his vehicle. The woman, a vice officer working undercover for the Oklahoma City Police Department, walked over to his truck, and he asked her what she was doing, to which she replied that she was working. The appellant then asked her for a "straight date," and wanted to know if Fifteen Dollars ($15.00) would be all right. The officer, based upon her training and past experience in the vice division regarding street vernacular, defined "straight date" as regular sexual intercourse. She testified that, prior to being approached by the appellant, she was standing against a wall and never waved or made any motions or overtures to the appellant, or any other passing motorist. With the aid of another officer, she arrested the appellant. The State's evidence was sufficient to comply with our holding in *Raymer v. City of Tulsa*, 595 P.2d 810 (Okl.Cr.1979), and this assignment of error is without merit.

■ As his final assignment of error the appellant contends that the punishment imposed was excessive. While the punishment imposed was within the range provided by ordinance, it would appear somewhat harsh for a first offense when compared to the punishment usually imposed in cases of prostitution. We are of the opinion that the judgment and sentence should be accordingly modified from a term of ninety (90) days' imprisonment, eighty (80) of which are suspended, to a term of thirty (30) days' imprisonment, twenty (20) of which are suspended with the probation meetings as ordered by the district court, and a fine of One Hundred Dollars ($100.00).

AS MODIFIED, the judgment and sentence appealed from is accordingly AFFIRMED.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.