**David Mack STAGGS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–84–530.**

Court of Criminal Appeals of Oklahoma.

June 10, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David Mack Staggs, was convicted of Driving Under the Influence of Alcohol in the District Court of Beckham County in Case No. CRM–83–605 and sentenced to six (6) months imprisonment and a five hundred dollar ($500) fine, and he appeals.

Briefly stated the facts are that on the afternoon of October 20, 1983, a highway patrol officer stopped appellant in Elk City, Oklahoma for speeding and driving recklessly. The officer testified that after he stopped appellant he observed that appellant's speech was slurred and slow, that his eyes were bloodshot, that there was a strong odor of alcohol on his breath, and that there was a bottle of whiskey in the front seat of the car that had been opened and only contained approximately one inch of whiskey. Based on these observations, the officer arrested appellant for driving under the influence of alcohol.

Appellant was then taken to the Elk City Police Station, and he consented to take a breathalyzer test. The officer testified that the first time he attempted to give appellant the test appellant would not blow enough air into the machine to make the green light on the breathalyzer machine come on. The officer further testified he administered the test to appellant a second time but that appellant was uncooperative in that after blowing into the machine and causing the green light to come on, he would draw his breath back out causing the light to go off. The officer testified that at that point he terminated the test. Another officer who was present during the attempted breathalyzer test corroborated the arresting officer's testimony.

Appellant denied that he had been drinking any alcohol, stated that he was unaware that there was a bottle of whiskey in his automobile, and testified that he consented to submit to a breathalyzer test and that each time he blew into the machine a green light came on.

Appellant's girlfriend and her mother testified on behalf of appellant that he had been at the hospital the afternoon of his arrest and that he had no alcohol odor on his breath.

In his first assignment of error, appellant contends that the State failed to provide appellant with an opportunity to take a valid breath or blood test, in order to determine his sobriety, and that the state presented evidence that appellant refused to take a breath test.

The question of whether appellant was provided an opportunity to take a valid breath or blood test is a question of fact for the jury, and we will not substitute our judgment for that of the jury since there is evidence reasonably tending to support the conclusion arrived at by the jury. *Atkins v. State*, 562 P.2d 947 (Okl.Cr.1977).

Furthermore, the State did present evidence that appellant did not cooperate while the officers attempted to administer a breathalyzer test; however, this evidence was first elicited by appellant's counsel during cross-examination of the officer.

This Court has repeatedly held that an appellant will not be permitted to profit by an alleged error which he or his counsel in the first instance invited by opening the subject or by their own conduct; and counsel for the defendant may not profit by whatever error was occasioned by the admission of such incompetent evidence. *Kelly v. State*, 415 P.2d 187, 193 (Okl.Cr. 1966). Therefore, this assignment of error is without merit.

As his second assignment of error, appellant alleges that the presentence investigation statute, 22 O.S.Supp.1983, § 982, is unconstitutional because it deprives persons convicted of misdemeanors from presenting mitigating evidence to the trial court at the sentencing stage. Appellant argues that the statute is unconstitutional because it makes an improper, arbitrary, and invalid distinction between persons convicted of misdemeanors and persons convicted of felonies in that persons convicted of felonies are allowed the benefit of having a full investigation of all mitigating factors that would warrant a suspended or deferred sentence, or other lenient punishment; whereas, persons convicted of misdemeanors are not given an investigation. We disagree.

■ Although 22 O.S.Supp.1983, § 982, imposes a mandatory presentence investigation at State expense in felony cases, it does not preclude the trial court from allowing a presentence investigation in a misdemeanor case if in the trial court's discretion one is warranted. Moreover, we are of the opinion that there is ample support for the distinction that this statute delineates between felonies and misdemeanors. Obviously, there is a clear line of demarcation between misdemeanors, with a maximum sentence of one (1) year, 21 O.S. 1981, § 10, and felonies which can provide for a maximum sentence of life in prison. Therefore, 22 O.S.Supp.1983, § 982, which only provides for a mandatory state funded presentence investigation in felony cases, is logically connected to this distinction, and is clearly constitutional.

Furthermore, the trial court did not prevent appellant from presenting mitigating evidence to the court at the sentencing stage of the proceeding. The trial court afforded appellant the opportunity to present a response to the sentence recommended by the jury, and in fact, appellant's counsel did deliver a very brief statement to the court. Therefore, this assignment of error is without merit.

In his final assignment of error, appellant argues that the sentence of six (6) months incarceration is excessive and should be modified, and that the five hundred dollar ($500) fine imposed is excessive since appellant is indigent.

■ The issue of whether the five hundred dollar ($500) fine is excessive is prematurely before this Court in that the fine is not due until after the term of imprisonment is completed. See, *Jones v. State*, 682 P.2d 757 (Okl.Cr.1984).

■ Additionally, since appellant's sentence is well within the framework established by law, we cannot say that the punishment is excessive. *Kiser v. State*, 541 P.2d 208 (Okl.Cr.1975), and cases cited therein. This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I concur in the opinion written by my brother, Judge Bussey, but am compelled to urge caution to defense attorneys when dealing with an incomplete breath test. Obvious refusal to take a test is inadmissible, but, as in this case, counsel can open the door and evidence of the refusal can be admitted. Had defense counsel in this case not invited the testimony, in fact, illicited it, error would have been found on appeal regardless of whether or not there was an objection.