Jerry SPEARS and Ella
Spears, Appellants,

v.

STATE of Oklahoma, Appellee.

No. F–84–524.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1986.

Jim Jones, Sallisaw, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Jerry Spears and Ella Spears, were jointly tried and each convicted of Harboring a Fugitive from Justice, namely DeWayne Alexander Wells, in Sequoyah County. Jerry Spears was sentenced to two years' imprisonment. Ella Spears was sentenced to six months' im-

prisonment, all of which the trial judge suspended.

At approximately 1:30 a.m., March 11, 1983, two escaped felons arrived at the home of appellants located in a remote area southwest of Vian, Oklahoma. Only Jerry Spears was awake at that time and he allowed the two escapees into his home. He knew one of the men, Tommy Cunningham, quite well but was not acquainted with DeWayne Wells. He visited with Cunningham for two hours before retiring. Cunningham informed him that they were planning to leave there later that morning. Though never formally invited by Spears to stay, the men slept in the living room and were still asleep when Ella Spears arose the next morning. She knew nothing of their presence until that time. She got her nine-year-old son up and drove him to the bus stop where he would be picked up to be transported to school. She returned for her husband, and testified that she was very concerned for their safety. She thought Tommy Cunningham had escaped from prison and believed the man with him could also be an escapee since she had heard that several had escaped together. In fact, the men had escaped three weeks prior to this time from the Springtown Correctional Facilities. She was not afraid of Cunningham, but had no knowledge of the propensity for violence of the other man. Her husband, Jerry Spears, testified he had felt essentially the same way.

At approximately 9:30 or 10:00 a.m., they left their home and were not to return until 4:00 p.m. that same day. Jerry Spears testified they heard at a malt shop in Vian that Tommy Cunningham and another man were escaped from prison. The appellants discussed together the possibility that Cunningham and the other man could be escapees and that they should perhaps call the police to report the two. They testified that they decided against calling the authorities because if the two men were not captured, their lives, and the lives of their three children who would be coming home that weekend would be endangered.

They returned home by 4:00 p.m. because their nine-year-old was to be returned to the bus stop at approximately 4:30 p.m. When they arrived home, the men were not in the living room, and appellants testified they did not search their home for them. Ella Spears heated their supper, and as they started to eat, Wilma Smothers, the escapee Tommy Cunningham's mother, arrived at their house. She was said to be a regular member of a group of people who came to play cards at their home on Friday nights. She started to collect a plate of food when the trio heard law officers ordering them from the home with their hands over their heads. They complied with the order. When asked if anyone else was in the house, they said there was not. The officers made a search and found Wells in the hallway about to enter one of the bedrooms. He testified he had been asleep and was awakened by the shouting of the officers.

Wells was arrested and the officers, on foot with dogs and in the air by airplane, searched the surrounding wooded area and the rest of the county looking for Cunningham. They did not find him.

■ Appellants contend that there was no evidence presented at preliminary hearing that Wells was an escaped felon when he stayed at their home. Thus, they argue that the State could not show probable cause that the appellants committed the crime charged. However, we find there was competent evidence from employees of the Department of Corrections that Wells was an escaped felon.

■ Appellants also contend that the trial court erred in overruling their demurrer to the evidence. However, the appellants' failure to properly file and argue a motion to quash the information prior to entering pleas to the merits of the information results in a waiver of errors which could have been corrected thereby. *Atkins v. State*, 562 P.2d 947 (Okl.Cr.1977); *Wright v. State*, 505 P.2d 507 (Okl.Cr.1973). Appellants entered their pleas July 8, 1983, but failed to file a motion to quash the informa-

tion until October 12, 1983. This assignment is not properly before us.

Again, concerning the evidence at trial, appellants claim that there is insufficient evidence to substantiate the convictions. We disagree.

Appellants assert that there was no evidence that *they knew* Wells was an escapee. They contend the evidence only shows that they suspected that fact. Mrs. Spears testified that Cunningham had been corresponding with their youngest son from prison. Both appellants testified that they believed or felt that their friend of many years, Cunningham, was an escapee, and that his companion probably was also. They testified that that is why they stayed away from their home on March 11, 1983.

■ To act knowingly did not require that appellants have absolute certainty that their conduct would result in them harboring a fugitive. One acts knowingly when he is aware that it is practically certain his conduct will cause the prohibited result. C. Torcia, *Wharton's Criminal Law*, § 27 (14 ed. 1978). See also, *Johnson v. State*, 270 Ark. 992, 606 S.W.2d 752 (1980) and *State v. Weitzman*, 121 N.H. 83, 427 A.2d 3 (1981). Competent evidence was presented from which the jury could find that appellants knew Wells was, or probably was, an escapee. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). There is no error.

As their final assignments, appellants contend that the trial court erred in refusing to give the jury their requested instruction of duress. The court gave the jury instructions explaining duress as set out in the uniform instructions. The instruction which the court gave provides:

> You are further instructed that a person(s) is entitled to the defense of duress if that person(s) committed the act which constitutes the crime because of a reasonable belief *that he/she was in imminent danger of great bodily harm* from another. (Emphasis added.)

The requested instruction provides in pertinent part:

> [A] person(s) is entitled to assert duress as a defense if that person(s) committed the act(s) which constitutes the crime because of a reasonable belief that there was imminent danger of death or great bodily harm from another *upon the person and/or body of a spouse or child of such person or persons* .... (Emphasis added.)

Appellants provide no authority to support their requested instruction.

■ Our statute setting forth the defense of duress is 21 O.S.1981, § 156. It does not state against whom the threat of harm must exist. In such an instance, the common law should be consulted to construe that statute. 22 O.S.1981, § 9; *Traxler v. State*, 96 Okl.Cr. 231, 251 P.2d 815 (1953). And, the common law rule is that the threat of harm must be against the defendant. C. Torcia, *Wharton's Criminal Law*, § 51 (14th ed. 1978); S.G. Tucker, V *Blackstone's Commentaries*, 29 (1st ed. 1803). We have not construed this statute previously to allow the defense of duress when the threat of harm is against a third party, and now consider such a change to require legislative action. This assignment is without merit.

Finding no error warranting reversal or modification, the judgments and sentences are AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs in results.

PARKS, P.J., specially concurring:

While I agree that the conviction must be affirmed I disagree with the majority's formulation of the argument relating to the duress instruction. It is true, as Judge Bussey states, that our statute on duress "does not state against whom the threat of harm must exist", and that "[i]n such an instance, the common law should be consulted in to construe that statute. 22 O.S. 1981, § 9; *Traxler v. State*, 96 Okl.Cr. 231, 251 P.2d 815 (1953)." *Supra* at 98. However, my research into the common law basis for the duress instruction plainly indicates that the defense may be raised

where the threat was to a close relative or friend of the defendant. *See* LaFave & Scott, *Criminal Law,* 379 (1972). *See also,* Perkins & Boyce, *Criminal Law* 1061 (3d Ed.1982). Prof. Perkins, in fact, states that "a threat [to a relative] may be more coercive than a threat to the actor. A man might be willing to chance that a threat to kill was only a bluff, if directed to himself, but not if it was a threat to kill his wife or child." *Id.* Therefore, in my opinion, 21 O.S.1981, § 156 should be interpreted to allow the defense of duress when the threat of harm is directed against a third party. I do, however, concede that the Legislature should re-examine and clarify this issue.

Nevertheless I agree the conviction should be affirmed because, even under my interpretation of the statute, the requested instruction was not supported by sufficient evidence.