F I L E D

**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS HOWARD GILBREATH,

    Petitioner-Appellant,

v.

RON WARD, Warden, Oklahoma
State Penitentiary,

    Respondent- Appellee.

No. 97-6010
(D.C. No. 96-CV-1234)
(W.D. Okla.)

No. 97-6011
(D.C. No. 96-CV-1238)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

    Appellant Gilbreath ("Gilbreath") is serving a 101-year state sentence for

robbery with a deadly weapon and is subject to a consecutive 5-year state

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, *res judicata*, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

sentence for uttering a forged instrument.[1]  Gilbreath  brings two petitions for

writ of habeas corpus under 28 U.S.C. § 2254 to challenge his forged instrument

conviction.  Specifically, Gilbreath claims that the trial court improperly

enhanced his sentence in part on the basis of two prior convictions that were

violative of his Sixth and Fourteenth Amendment rights. He also alleges that one

of the two prior convictions was void for lack of subject matter jurisdiction.

Below, the magistrate judge and the district court found that because

Gilbreath is no longer "in custody" for the two prior convictions of which he

complains he cannot request relief under 28 U.S.C. § 2254.  In order for a

prisoner to seek relief under § 2254 the prisoner must satisfy the reviewing court

that the prisoner is "in custody" due to the conviction that he appeals.  "In

custody" can take one of two forms: either the prisoner must be serving or facing

a sentence imposed in the course of that conviction, see Maleng v. Cook, 490 U.S.

488, 490-92 (1989), or the prisoner must show that his sentence for another

conviction was enhanced by the conviction he seeks to attack, see Gamble v.

Parsons, 898 F.2d 117, 118 (10th Cir. 1990).

Here, the two convictions Gilbreath challenges were imposed in 1973, for

second degree forgery, and in 1962, also for second degree forgery. Each of these

---

[1] Gilbreath has an additional 1-year sentence he must serve consecutively, as well as a 71-month federal sentence to be served consecutive to his state sentences.  Gilbreath does not argue the validity of these convictions here.

convictions resulted in three-year sentences. Gilbreath had long since completed serving both sentences at the time of his conviction for uttering a forged instrument. A prisoner is no longer in custody for § 2254 purposes once his sentence has expired. See Maleng v. Cook, 490 U.S. at 491-92.

Thus, in order to find that Gilbreath is "in custody" for the two prior convictions at issue, we must find that the trial court relied upon these allegedly unconstitutional convictions to enhance Gilbreath's current forged instrument sentence. See Gamble v. Parsons, 898 F.2d at 118. Neither the magistrate judge nor the district court found any support for Gilbreath's assertion that the trial court relied on the convictions at issue in reaching its sentencing decision. We have undertaken a thorough review of the record and we agree that there is no evidence that these convictions were used to enhance Gilbreath's sentence for his current forged instrument conviction.

Gilbreath was found guilty of uttering a forged instrument in violation of 21 Okla. Stat. Ann. § 1592 (1983). The statute defines this crime as the equivalent of forgery in the second degree. Under Oklahoma law, forgery in the second degree is punishable by imprisonment up to seven years. 21 Okla. Stat. Ann § 1621. Five years for second degree forgery is within the statutory range. See Buzzard v. State, 509 P.2d 190 (Okla. Crim. App. 1973) (five-year sentence for uttering a forged instrument within the statutory range and not so excessive as

to shock the conscience). Thus, the imposition of a five-year sentence for second-degree forgery does not by itself lead to a conclusion that the sentence was enhanced by the trial court. Moreover, even though the trial court had access to information regarding Gilbreath's lengthy criminal record, including the two convictions at issue, it did not indicate in any way that it enhanced Gilbreath's sentence based upon these or any other of his convictions. Gilbreath offers no evidence to the contrary. In short, Appellant has failed to show that his sentence was enhanced by the convictions he seeks to challenge. Therefore he is not "in custody" for those convictions and cannot seek review of those conviction under 28 U.S.C. § 2254. See Gamble, 898 F.2d at 118-19. Appellant has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). His request for a Certificate of Appealability is denied.

Gilbreath also requests that his appeal proceed without payment of fees. Because the mandatory filing fees enacted in the Prison Litigation Reform Act do not apply to habeas petitions, United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997), the standard for granting leave in forma pauperis on appeal is based upon whether the petitioner "has demonstrated a financial inability to pay and whether he has made a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in his petition. McIntosh v. United States Parole

Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997).  Gilbreath meets both of these requirements and may proceed in forma pauperis.

For the above reasons, Gilbreath's request to proceed in forma pauperis is GRANTED, Gilbreath's request for a Certificate of Appealability is DENIED and the appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge