69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Plaintiff-Appellant,
and
Keith Brickford, Myron Lane, Clinton Clark, Milton McGugin,
Terry Jett, Randy Leonard Smith, Martih Reyes, Glenn Moffit,
David Gambler, David Hogan, Timothy Deeter, Daryl Williams,
Randie Haynes, Bo Richards, Eljuan Heath, Steve Owen, Jesse
Padgett, Lawrence Moseley, Plaintiffs,
v.
Doug NICHOLS, Defendant-Appellee.
 No. 95-5087.
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.[1]
 
 
 2
 Plaintiff-Appellant Robert E. Cotner is currently a prisoner at the Lexington Correctional Center in Lexington, Oklahoma. Mr. Cotner, proceeding in forma pauperis, filed this claim pursuant to 42 U.S.C. Sec. 1983 on behalf of himself and eighteen other inmates in order to contest the conditions of confinement at Creek County Jail, also located in Oklahoma. Mr. Cotner was previously confined at this facility.
 
 
 3
 On September 28, 1994, the district court entered an order in which it refused Mr. Cotner's request to pursue the claim as a class action and further dismissed Mr. Cotner's claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). R., Vol. I., No. 58, at 6, 11. Additionally, the district court proposed the imposition of filing restrictions on Mr. Cotner, limiting his ability to file future cases. The district court allowed Mr. Cotner time to object to these restrictions. Mr. Cotner filed objections and the district court subsequently entered an order dated April 11, 1995 imposing the proposed restrictions.[2] R., Vol. I., No. 64. Mr. Cotner did not file his notice of appeal until April 21, 1995. R., Vol. I, No. 65.
 
 
 4
 Although it is difficult to glean from Mr. Cotner's briefs the legal issues he wishes to present on appeal, it appears that he focuses on two questions: 1) did the district court err in dismissing Mr. Cotner's claim as frivolous?; and 2) did the district court err in imposing filing restrictions on Mr. Cotner? We decline to consider the first issue because Mr. Cotner failed to file his notice of appeal in timely fashion. As to the second issue, we affirm the district court.
 
 
 5
 Federal Rule of Appellate Procedure 4(a) requires a party to file its notice of appeal within thirty days "after the date of entry of the judgment or order appealed from." Here, the district court dismissed Mr. Cotner's claim by order dated September 28, 1994. Mr. Cotner did not file his notice of appeal until April 21, 1995. Thus, Mr. Cotner has failed to appeal the dismissal of his claim in a timely fashion, and this court will not entertain his arguments on that issue.
 
 
 6
 Mr. Cotner has, however, timely appealed the district court's imposition of filing restrictions. A district court may impose filing restrictions on those litigants "with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." Werner v. Utah, 32 F.2d 1446, 1448 (10th Cir.1994), reh'g denied (Sept. 2, 1994). Here, the district court adequately considered Mr. Cotner's history of litigation and gave him adequate notice and opportunity to respond to the restrictions.[3] The restrictions imposed also leave Mr. Cotner with adequate access to the court system in the future. Thus, this court affirms the district court's imposition of filing restrictions.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Mr. Cotner's motion entitled "Traverse AND MOTION To Strike The Brief of Appellee's Doug Nichols", being without merit, is hereby denied
 
 
 [2]
 Specifically, the district court has limited Mr. Cotner's ability to file to those situations in which he is represented by a licensed attorney or in which he has obtained permission to proceed pro se. In order to proceed pro se, Mr. Cotner must file a motion with the clerk of court requesting leave to file pro se. The motion must contain a list of all current and previous lawsuits filed with the district court, a list of all restrictions on Mr. Cotner's ability to file suit in federal court, and a notarized affidavit reciting the issues presented as well as certifying his good faith in filing the action. The chief judge of the district court then decides whether to approve the motion. R., Vol. I., No. 58, at 13-15
 
 
 [3]
 Mr. Cotner has filed at least forty-four actions in the last twenty years. These cases typically involved frivolous motions and ignored procedural requirements. See R., Vol. I, No. 58, at 10-11
 Here, the district court also considered Mr. Cotner's several settlement offers as examples of his vexatious behavior. Id. at 4-5. We note that offers to settle do not constitute per se abuse of the judicial system. District courts should proceed with caution when using such offers as a factor in imposing filing restrictions. We make no decision in this case, however, on that point.