**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT E. COTNER,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 96-6349
(D.C. No. CIV-96-42-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Robert E. Cotner seeks leave to appeal from the district court's order adopting the magistrate judge's report and recommendation and denying in part and dismissing in part his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We construe his application for a certificate of appealability as one for probable cause[1] and grant that application. We affirm that part of the district court's order denying the petition, vacate that part of the order dismissing the petition, and remand the case to the district court with instructions to deny the petition in its entirety.

Cotner was convicted in 1992, in case No. CRF-91-194 in the District Court of Creek County, Oklahoma, of (1) possession of a controlled drug with intent to distribute, after former conviction of one drug related felony; (2) possession of marijuana with intent to distribute, after former conviction of one drug related felony; (3) failure to affix a tax stamp, after former conviction of two

---

[1] The Supreme Court recently held that the new provisions of Chapter 153 of Title 28 of the United States Code, which includes § 2253(c) requiring certificates of appealability, added by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), are generally not applicable to cases filed before AEDPA's effective date, April 24, 1996. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). Thus, Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), has been overruled to the extent that Lennox held that § 2253(c) applied to habeas petitions filed prior to AEDPA's effective date. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997) (en banc). Because the habeas petition in this case was filed prior to that date, petitioner is not subject to AEDPA, but he is subject to § 2253's previous requirement that he obtain a certificate of probable cause to appeal.

felonies; (4) weapon use in the commission of a crime, after former conviction of two felonies; (5) manufacturing a fictitious drivers license, after former conviction of two felonies; and (6) manufacturing a fictitious birth certificate. He is currently incarcerated serving four life sentences, a twenty-year sentence, and a thirty-day sentence. In his petition, which he filed on January 9, 1996, he raised the following grounds for relief:

> 1. The State of Oklahoma unconstitutionally suspended his rights to seek habeas relief through its post-conviction act.

> 2. He is incarcerated on an invalid judgment and sentence because the trial court did not have subject matter jurisdiction over his case. (His seventh ground repeats this contention.)

> 3. The use of the summary opinion format by Oklahoma appellate courts to deny direct appeals denies him due process and meaningful access to the courts.

> 4. The state's refusal to provide adequate legal assistance personnel or system is a denial of meaningful access to the courts.

> 5. The state has created a suspect class of pro se prisoner litigants and has discriminated against this class.

> 6. Various claims that he raised in a separate civil rights action that was dismissed, Cotner v. Oklahoma ex rel. Creek County, No. CIV-94-1783-T (W.D. Okla. 1994). Cotner does not identify the claims, but states that they should be incorporated into his petition.

The state filed a response seeking dismissal of the petition for failure to exhaust state remedies. The case was referred to a magistrate judge. In her report and recommendation, she recommended that the petition be denied in part and

-3-

dismissed in part without prejudice. Cotner filed an objection to the magistrate judge's report and recommendation, contending only that the state's post-conviction procedures were not adequate and that he had exhausted his claims.

Adopting the magistrate judge's report and recommendation, the district court construed the petition as raising issues challenging the denial of state habeas review and the trial court's lack of subject matter jurisdiction and seeking to incorporate the claims raised in one of his prior civil rights actions. The district court determined that grounds one, three, four and five alleged at most procedural errors with respect to state habeas or post-conviction procedures and thus did not state federal constitutional claims cognizable on habeas. The court noted that the complaint in the civil rights case, No. CIV-94-1783-T, had been dismissed in part as frivolous. It then found the claims from that case that Cotner was trying to incorporate into his petition were without merit and should be denied. As to the remaining claim, the trial court's alleged lack of subject matter jurisdiction, the court stated that it was unclear whether Cotner had exhausted this claim in state court. The court determined that there was concurrent jurisdiction between itself, which has jurisdiction over the facility in which Cotner is incarcerated, and the Northern District of Oklahoma, which has jurisdiction over the county in which Cotner was convicted. See 28 U.S.C. § 2241(d). Concluding that the case would be more appropriately handled in that district, the court dismissed the remaining

claim contained in the petition without prejudice to Cotner's refiling it in the Northern District. The court also denied a variety of motions Cotner had filed.

On appeal, Cotner contends[2] that it was fundamental error for the district court to dismiss his petition without holding an evidentiary hearing. He contends generally that state post-conviction procedures are inadequate and unconstitutional and that he has exhausted all state post-conviction remedies.[3]

We agree with the district court that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas. See Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989)

_____

[2]    Cotner has filed a variety of briefs and motions in this court. In addressing his appeal, we will consider matters raised only in his combined Application for Certificate of Appealability and Opening Brief and the two documents he expressly incorporated into that document, which are labeled Petition in Error and Appeal Brief and his Petition for Habeas Corpus. We decline his request that we assume original jurisdiction over his Petition for Habeas Corpus.

[3]    In the document labeled Petition for Habeas Corpus, Cotner appears to raise several new claims: ineffective assistance of trial and appellate counsel; double jeopardy; factual innocence; and mental incompetence. The phrase "ineffective assistance of counsel claim" did appear in Cotner's habeas petition in the district court, but there is no further explanation of this claim, and Cotner did not include it in his stated grounds for relief. Moreover, in restating Cotner's claim in her report and recommendation, the magistrate judge did not include an ineffective counsel claim, and Cotner did not object to the judge's failure to address this claim. See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.), cert. denied, 117 S. Ct. 271 (1996) (failure to object to magistrate judge's report and recommendation waives right to appeal magistrate judge's ruling). The other issues were not presented to the district court at all, and we therefore will not consider them on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

("Even if the state postconviction petition was dismissed arbitrarily, the petitioner can present anew to the federal courts any claim of violation of his federal constitutional rights."). Cotner does not provide any argument regarding the district court's denial of the claims previously brought in case No. CIV-94-1783-T, nor have we even been informed what these claims were. Cotner has thus failed to demonstrate that the district court erred in denying these claims.

That leaves Cotner's claim that the trial court lacked subject matter jurisdiction to convict and sentence him. Although there may be some question over whether Cotner has exhausted this claim, we may "address the merits of unexhausted § 2254 federal habeas corpus claims if they fail, as here, to raise even a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir. 1992); see also Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.), cert. denied, 118 S. Ct. 126 (1997).

Cotner's lack of subject matter jurisdiction claim actually contains several sub-claims not necessarily related to subject matter jurisdiction. Cotner first contends that his Fifth Amendment right to be charged only by an indictment issued by a grand jury was violated because he was charged by an information and he did not waive his right to a grand jury indictment. However, "the Fifth Amendment right to grand jury indictment does not apply to states," and Cotner

therefore has no right under the United States Constitution to a grand jury indictment. Minner v. Kerby, 30 F.3d 1311, 1318 (10th Cir. 1994). Cotner also contends that because he was charged by information, he could be sentenced to no more than twelve months. Even if this state law claim could somehow be construed as the denial of a federal constitutional right, it fails as a matter of state law. Oklahoma does not limit the length of sentences that may be imposed when the prosecution is commenced based on an information. See, e.g. Johnson v. State, 476 P.2d 395, 395-96 (Okla. Crim. App. 1970) (rejecting argument, in case in which defendant was sentenced to seventeen years' imprisonment, that conviction was illegal because defendant was charged by information rather than grand jury indictment); Fesmire v. State, 456 P.2d 573, 583 (Okla. Crim. App. 1969) (under Oklahoma constitution, "prosecutions may be by indictment or information as they are alternative modes and . . . a prosection [for a capital offense] by information does not violate either the 14th or 5th amendment of the Constitution of the United States"), vacated in part on other grounds, 408 U.S. 935 (1972).

Finally, Cotner contends that under Oklahoma's 1994 Truth in Sentencing Act, he could not have been sentenced to more than twelve months. Again, even if this state law claim could somehow be construed as the denial of a federal constitutional right, it fails as a matter of state law. The effective date of the

1994 act creating the Oklahoma Truth in Sentencing Policy Advisory Commission, 1994 Okla. Sess. Laws 355, codified at 22 Okla. Stat. tit. 22, §§ 1501-1515, was July 1, 1994, which is obviously after Cotner's 1992 convictions, and the act is not retroactive. See id. § 1511.E ("Beginning July 1, 1996, when imposing a criminal sentence, the court shall impose the sentence under the sentencing criteria formulated and adopted pursuant to this section [by the Advisory Commission] if such criteria have been approved by the Legislature."). The Oklahoma Truth in Sentencing Act was enacted in 1997, see 1997 Okla. Sess. Laws 133, and does not take effect, with exceptions not relevant here, until July 1, 1998. See id. §§ 612, 613. Cotner thus has stated no valid habeas claim based on either of these two acts.

We thus conclude that the district court should have denied that portion of Cotner's petition claiming that the trial court lacked subject matter jurisdiction and related issues, rather than dismissing this portion of the petition without prejudice.

We AFFIRM the district court's order to the extent that it denied portions of Cotner's habeas petition and denied various other motions. We VACATE the court's order to the extent that it dismissed in part the petition without prejudice,

-8-

and we REMAND the case to the district court with directions to enter an order denying the petition in its entirety. All pending motions are DENIED. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge