**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT E. COTNER,

      Petitioner-Appellant,

v.

MICHAEL CODY, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 96-5269
(D.C. No. 94-CV-323)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Robert E. Cotner seeks leave to appeal from the district court's order dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254 for failure to exhaust state remedies. We construe his application for a certificate of appealability as one for probable cause,[1] deny that application, and dismiss the appeal.

Cotner was convicted in 1992, in case No. CRF-91-194 in the District Court of Creek County, Oklahoma, of (1) possession of a controlled drug with intent to distribute, after former conviction of one drug related felony; (2) possession of marijuana with intent to distribute, after former conviction of one drug related felony; (3) failure to affix a tax stamp, after former conviction of two felonies; (4) weapon use in the commission of a crime, after former conviction of

---

[1] The Supreme Court recently held that the new provisions of Chapter 153 of Title 28 of the United States Code, which includes § 2253(c) requiring certificates of appealability, added by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), are generally not applicable to cases filed before AEDPA's effective date, April 24, 1996. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). Thus, Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), has been overruled to the extent that Lennox held that § 2253(c) applied to habeas petitions filed prior to AEDPA's effective date. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997) (en banc). Because the habeas petition in this case was filed prior to that date, petitioner is not subject to AEDPA, but he is subject to § 2253's previous requirement that he obtain a certificate of probable cause to appeal. Regardless of which label applies, petitioner's substantive burden is the same. As we held in Lennox, both certificates of probable cause and of appealability require that a petitioner "make a substantial showing of the denial of a federal constitutional right." 87 F.3d at 434.

two felonies; (5) manufacturing a fictitious drivers license, after former conviction of two felonies; and (6) manufacturing a fictitious birth certificate. He is currently incarcerated serving four life sentences, a twenty-year sentence, and a thirty-day sentence. In his second amended petition, which he filed on November 22, 1995, he raised the following grounds for relief:

(1)     denial of due process in state post-conviction and habeas proceedings;

(2)     denial of rights under state statutes and state and federal constitutions;

(3)     new laws mandating vacation of sentences;

(4)     ineffective assistance of counsel;

(5)     discovery of new evidence withheld by prosecution;

(6)     eleven original grounds for relief contained in direct appeal;

(7)     lack of subject matter jurisdiction by trial court;

(8)     denial of due process by appellate court's use of summary opinion format;

(9)     ineffective assistance of counsel due to conflict of interest;

(10)    newly discovered evidence;

(11)    new admissions by the state warranting release;

    (12)  factual innocence;

    (13)  jury tampering; and

    (14)  double jeopardy based on prior civil
          forfeiture proceeding.

Cotner's second amended petition also contends that he has identified 265 errors in total warranting habeas relief that were further explained in a separate volume, and that the district court improperly refused to allow him to file this separate volume. Cotner contended that he had exhausted state remedies for all 265 issues. The state moved for dismissal based on failure to exhaust state remedies, contending that Cotner did not raise any of the issues in his habeas petition on direct appeal and that he provided no documentation or reference to case numbers indicating that he had exhausted the issues he raised.

The district court noted that the Oklahoma Court of Criminal Appeals was considering one of Cotner's appeals from denial of post-conviction relief, and it declined to stay Cotner's case, which had been ongoing for two and one-half years, until the Court of Criminal Appeals ruled. The court therefore granted the state's motion and dismissed Cotner's petition without prejudice.

We review the district court's decision to dismiss without prejudice for failure to exhaust for abuse of discretion. Cf. Clark v. Tansy, 13 F.3d 1407, 1413 (10th Cir. 1993). We have considered Cotner's arguments on appeal and find them unpersuasive. He has the burden of showing that he has exhausted his state

-4-

remedies for each of his claims, see Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992), and he has failed to do so. Cotner thus has neither made a substantial showing of the denial of a federal constitutional right nor demonstrated that the district court abused its discretion in dismissing his petition without prejudice.

We note that in an appeal involving a separate habeas petition Cotner filed in the Western District of Oklahoma challenging the same convictions and sentences challenged in this case, we ordered the district court to enter an order denying the petition in its entirety. Cotner v. Hargett, No. 96-6349 (10th Cir. Jan. 8, 1998) (unpublished). Therefore, in any future habeas petition, Cotner must comply with the requirements of 28 U.S.C. § 2244(b). See Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996).

The application to proceed in forma pauperis is GRANTED. The application for a certificate of probable cause is DENIED. All outstanding motions are DENIED. The appeal is DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-5-