**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JOHN GENE MOORE,

     Petitioner-Appellant,

v.

KEN KLINGER,

     Respondent-Appellee.

No. 98-6266
(W.D. Okla.)
(D.Ct. No. 97-CV-2028)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant John Gene Moore, an Oklahoma state prisoner appearing pro se,

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition.  We grant Mr. Moore's request to proceed *in forma pauperis,* deny his request for a certificate of appealability, and dismiss his appeal.

Mr. Moore pled guilty to four counts involving false imprisonment, concealing stolen property, and cultivation of marijuana.  He received a sentence of twelve years imprisonment on one charge and ten years imprisonment on three other charges, to run concurrently.  Mr. Moore did not file a direct appeal, but subsequently filed two applications for post-conviction relief in state court.[1]  In his most recent application, he sought modification of his sentence, claiming violation of his Equal Protection rights under the Fourteenth Amendment based on passage of the Oklahoma Truth in Sentencing Act.  *See* 1997 Okla. Sess. Laws, Ch. 133, §§ 612 and 613.  The state district court and Oklahoma Court of Criminal Appeals denied him post-conviction relief.

Mr. Moore then filed a petition for a writ of habeas corpus under § 2254 in the federal district court.  The thrust of his petition was his demand that his

---

[1]  The first post-conviction appeal did not involve any of the issues addressed in this appeal, and has no bearing on the outcome of this appeal.

sentence be reduced through retroactive application of the Oklahoma Truth in Sentencing Act, passed in April 1997 and effective July 1, 1998. In addition, Mr. Moore claimed the Act must be construed favorably toward him because of its ambiguity and the liberty interest and due process rights it creates. While Mr. Moore demanded he receive the benefits bestowed by the Act, he also complained (1) the Act constituted an unconstitutional *ex post facto* law as it made him ineligibile for various early release programs, including pre-parole, house arrest, electronic monitoring and specialized supervision; (2) he did not make his guilty plea knowingly, intelligently or voluntarily because he detrimentally relied on the existence of those early release programs; and (3) the Act violates his equal protection rights because he is treated differently from those prisoners who receive shorter sentences under the Act.

A magistrate judge recommended Mr. Moore's petition be dismissed for failure to exhaust available state remedies or, in the alternative, be denied on the merits. In addressing the merits of the petition, the magistrate judge concluded Mr. Moore could not qualify for a sentence reduction because the Oklahoma Truth in Sentencing Act does not apply to prisoners who committed crimes before July

1, 1998;[2] and because his claim centers on questions of state law while habeas relief requires implication of a federal constitutional question. In addition, the magistrate judge determined the Act did not create an unconstitutional *ex post facto* law because the Act did not affect the programs at issue, or alternatively, Mr. Moore's anticipated participation in such programs, under pre-Act statutes, was speculative. For the same reasons, the magistrate judge rejected Mr. Moore's claim his guilty plea was involuntary and unknowing. Lastly, the magistrate judge concluded (1) no due process violation occurred as the Act did not create a liberty interest requiring reduction of his sentence, and (2) no equal protection violation occurred because Mr. Moore's treatment is similar to those sentenced at the same time as him.

After an independent review of the record, the relevant law, and Mr. Moore's objection thereto, the district court adopted the magistrate judge's recommendation, exercised its discretion to decide the petition on the merits, and denied the petition. The district court also denied Mr. Moore's request for a certificate of appealability and his request to proceed *in forma pauperis*.

---

[2] The magistrate judge relies on *Cotner v. Hargett*, 133 F.3d 932, 1998 WL 4334 (10th Cir. 1998) (unpublished), in which we concluded the Truth in Sentencing Act does not apply to those sentenced prior to the Act's effective date of July 1, 1998.

On appeal, Mr. Moore, in a very lengthy brief,[3] raises essentially the same arguments presented to and addressed by the district court. Before addressing the merits of Mr. Moore's petition and his request for a certificate of appealability, we must consider the issue of whether we should dismiss his petition on grounds he failed to exhaust available state remedies. *See Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir.), *cert denied*, 118 S. Ct. 126 (1997). Generally, a federal court presented with a habeas petition containing both exhausted and unexhausted claims should dismiss the entire petition without prejudice. *Hoxsie*, 108 F.3d at 1242. An exception to this rule applies when the court determines, as we do here, that the "'interests of comity and federalism will be better served by addressing the merits forthwith.'" *Id.* (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987) and applying it to 28 U.S.C. § 2554(b)(2)). Thus, we proceed to Mr. Moore's request for a certificate of appealability.

In order to proceed on appeal, Mr. Moore must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). We have thoroughly reviewed Mr. Moore's application for a certificate of appealability, his brief, the

---

[3] Mr. Moore's forty-eight-page appeal brief exceeds the thirty-page requirement under 10th Cir. R. 32(7)(A).

magistrate judge's recommendation, the district court's order, and the record on appeal, and we agree with the district court that Mr. Moore fails to make the required showing. Our decision is in accord with our dismissal of similar habeas cases.[4] Accordingly, we adopt the reasoning set forth in the district court's Order filed June 19, 1998, and the magistrate judge's Findings and Recommendation, filed May 29, 1998, and attach them hereto.

We grant Mr. Moore's request to proceed in forma pauperis, deny his request for a certificate of appealability, and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[4] We agree with the magistrate judge and district court in finding Mr. Moore's *ex post facto* argument fails to make a substantial showing of the denial of a constitutional right. In this case, the district court and magistrate judge resolved this issue on the merits and found Mr. Moore failed to show his entitlement to, or projected participation in, these programs under pre-Act statutes.

Attachments not available electronically.