**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. COTNER,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee,

      and

COUNTY CLERK OF TULSA,

      Respondent.

No. 01-7101
(D.C. No. 00-CV-566-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Robert E. Cotner, a state inmate appearing pro se, seeks a certificate of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appealability ("COA") allowing him to appeal the magistrate judge's order[1] denying relief on his habeas petition pursuant to 28 U.S.C. § 2241. Mr. Cotner has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). We deny the petition for a COA, a jurisdictional prerequisite, <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000), and dismiss the appeal.

In January of 1980, Mr. Cotner was convicted in Tulsa County, Oklahoma of Delivery of Marijuana after Former Conviction of Felony and was sentenced to 15 years' imprisonment. On direct appeal, the sentence was reduced to 10 years. Doc. 1, Ex. Order of District Court at 1-2. For reasons undisclosed in the record provided to this court, Oklahoma transferred custody of Mr. Cotner to federal authorities in February of 1980. Doc. 1 at 1. The record does not indicate how long Mr. Cotner remained in federal custody. The court records of Tulsa County show that the 1980 state conviction was discharged in 1985. Aplt. Br. at 1. In 1991, Mr. Cotner was convicted in Creek County, Oklahoma of (1) Possession of Controlled Drug with Intent to Distribute, (2) Possession of Marijuana with Intent to Distribute, (3) Failure to Affix a Tax Stamp, (4) Weapon Use in Commission of a Crime, and (5) Manufacturing a Fictitious Driver's License. He was sentenced

---

[1] This case was ordered transferred to Magistrate for final disposition upon consent of the parties. Doc. 12.

to life in prison on counts 1 through 4 and twenty years on count 5. Mr. Cotner's conviction was affirmed on direct appeal in 1994 and his petition for state post-conviction relief was denied in 1996. Mr. Cotner then petitioned for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 raising other issues, but his petition was denied by this court in 1998. Cotner v. Hargett, No. 96-6349, 1998 WL 4334 (10th Cir. Jan. 8, 1998).

Mr. Cotner filed this § 2241 petition in October of 2000 seeking to have the Tulsa County court records changed from showing the conviction as discharged in 1985 to commuted in 1980 when Oklahoma transferred custody of him to federal authorities.[2] The magistrate judge denied Mr. Cotner's petition because he is no longer "in custody" for the 1980 conviction and § 2241 cannot be used to challenge the legality of a sentence. Doc. 21 at 2. Mr. Cotner has raised the same arguments in this court, Aplt. Br.; we dismiss this appeal for substantially the same reasons given by the magistrate judge.

"The writ of habeas corpus shall not extend to a prisoner unless - ... (3)

---

[2] The record fails to clearly set out the significance of the 1980 date versus the 1985 date. Both parties agree that the 1991 conviction was enhanced due to the 1980 conviction. Aplt. Br. at 2; Doc. 7 at 3. This court presumes that Mr. Cotner's sentence was enhanced under Okla. Stat. tit. 21, § 51(B) (1991) which increases the minimum sentence for a person with two prior felonies who commits a third felony within ten years of the date following the completion of the sentence. The 1985 date places the Tulsa Conviction within 10 years of the Creek Conviction while the 1980 date does not.

He is in custody in violation of the Constitution or laws or treaties of the United States ..." 28 U.S.C. § 2241. While the concept of "in custody" does not require that the petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence, it does not extend to the situation where a habeas petitioner suffers no present restraint from the challenged conviction at the time of the filing for the habeas petition. Harvey v. Shillinger, 76 F.3d 1528, 1537 (10th Cir. 1996) (citing Maleng v. Cook, 490 U.S. 488, 491-92 (1989)). Mr. Cotner, therefore, cannot challenge his fully expired conviction in isolation even though it may have potential consequences in some future case. Id.

Additionally, Mr. Cotner cannot challenge his current sentence as having been improperly enhanced based on the fully expired 1980 conviction. First, section 2241 is designed to attack the execution of a sentence, not the legality of the sentence. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Cotner is challenging the legality of the sentence by arguing that his current sentence was improperly enhanced based on incorrect records. Therefore, this petition should have been brought under § 2254. Second, even if we were to treat Mr. Cotner's petition as a § 2254 petition, it is barred by the one-year statute of limitations, 28 U.S.C. § 2254 and 28 U.S.C. §2244(d)(1). Mr. Cotner's petition for state post-conviction relief was denied in 1996 and this petition was not filed until 2000. Mr. Cotner has not demonstrated that the delay was due to extraordinary

circumstances beyond his control that would justify equitable tolling. <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore , he cannot now use § 2254 to challenge his sentence as having been improperly enhanced.

We DENY Mr. Cotner's request for a COA and DISMISS this appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge