**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT E. COTNER,

      Petitioner - Appellant,

v.

BOBBY BOONE, Warden; JAMES
SAFFLE; THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 01-7096
(D.C. No. 01-CV-37-S)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**   *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

---

After examining petitioner's submissions and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

State prisoner Robert E. Cotner, appearing pro se, appeals from the dismissal of his "Emergency Petition for a Writ of Habeas Under 28-2241 Injunction." Although purportedly brought pursuant to the habeas statutes, the petition states that it "is a conditions and treatment case, <u>not</u> attacking the judgement [sic] or sentence." Pet. at 1. Finding the petition to be an attempt to commence a civil rights lawsuit without prepaying filing fees, and noting that Mr. Cotner has filed at least forty-eight frivolous and repetitive suits in Oklahoma, the district court denied the petition.[1] *See* 28 U.S.C. § 1915(g).

Upon Mr. Cotner's motion to proceed *in forma pauperis* on appeal, the district court traced the long history of Mr. Cotner's abusive practice of filing frivolous complaints and petitions and denied the motion. Mr. Cotner then reapplied for leave to proceed *in forma pauperis* in this court. We agreed with the district court that Mr. Cotner has used up his "three strikes" for proceeding *in forma pauperis* in civil actions, and we issued an order to show cause why this appeal should not be dismissed for failure to prepay the entire filing fee. Mr. Cotner argues that the Prisoner Litigation Reform Act is not applicable to

---

[1] In *Cotner v. Nichols*, No. 95-5087, 1995 WL 649734, at **1 n.3 (10th Cir. Oct. 31, 1995), we noted that Mr. Cotner had filed "at least forty-four actions in the last twenty years" and that the cases "typically involved frivolous motions and ignored procedural requirements." Since 1995, Mr. Cotner has filed at least twenty additional civil rights actions and petitions for habeas corpus in the Oklahoma district courts. In addition, he has filed fifty-one appeals or petitions in this court in the past ten years.

habeas actions, accuses the district court of bias and prejudice, and asserts that "he faces death in the State prison system if he is not allowed to file at least one federal habeas to address the issues raised warranting habeas relief." Resp. to Sept. 19, 2001 Order, at 2.

We scoured Mr. Cotner's rambling petition and his supplemental pleadings for any claim cognizable under § 2241, and found two allegations that implicate habeas jurisdiction. Mr. Cotner claims that, in 1996, prison officials retroactively cancelled all of his earned work credits as punishment for writing the district attorney a letter exposing prison staff who were allegedly bringing illegal drugs into the prison to sell to prisoners. R. Doc. 4 at 1. He requested restoration of those work credits. *Id.* at 7. He further claims that, in 1997, he

> reported prison staff involved in illegal drug rings selling drugs inside the Lexington State prison, . . . and agents of respondents retaliated with the charge of escape by having legal papers in his cell about his own criminal case, and gave [petitioner] a life sentence to prison with 15 security points instead of the 0 points he had.

R. Doc. 1, at 1. He requested an injunction directing respondent "to remove the 10 security points for the escape by possession of legal papers." *Id.* at 3.[2] Because they impact the duration of confinement, these allegations state potential claims for habeas relief under § 2241. *See Brown v. Smith*, 828 F.2d 1493, 1495

---

[2] We note the internal inconsistencies in petitioner's allegations but conclude that they do not compel dismissal of the petition at this stage of the proceedings.

(10th Cir. 1987); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). We therefore discharge the order to show cause insofar as it relates to such claims. However, precisely because those claims fall within the habeas sphere, they may proceed no further absent a certificate of appealability, 28 U.S.C. § 2253(c), which, for the reasons that follow, we decline to grant.

First, it is clear on the face of the petition that Mr. Cotner's habeas claims are barred by the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) requires that persons in custody pursuant to State court judgments file habeas petitions within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The petition demonstrates that Mr. Cotner was aware in 1996 of his allegation that his earned work credits were improperly removed and was aware in 1997 of his allegation that he was improperly issued security points precluding him from earning good-time credits. At that time, he could have challenged those actions through prison administrative proceedings and mandamus, and after exhaustion of those remedies, filed a federal habeas petition. *See Canady v. Reynolds*, 880 P.2d 391, 397 (Okla. Crim. App. 1994) (noting that mandamus is proper Oklahoma state remedy when prisoner's minimum due process rights have been violated in the removing of earned credits without statutorily-required administrative proceedings).

-4-

Second, Mr. Cotner has already filed at least one petition for relief under § 2241 since the events complained of here, *see, e.g.*, *Cotner v. Oklahoma*, No. 01-7101, 2002 WL 244855, at **1 (10th Cir. Feb. 21, 2002) (noting that Mr. Cotner's § 2241 petition was filed in district court in October 2000), and if his current claims were not included in those petitions, they could have, and should have, been. *See George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1995) (holding that a second or subsequent § 2241 petition raising a new claim that could have been raised in an earlier petition should be dismissed as abuse under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice).

Thus, to the extent his petition seeks habeas relief in the form of restoration of earned credits and the subsequent reduction of the length of his confinement, patent procedural deficiencies compel us to conclude "that the petitioner should [not] be allowed to proceed further," and we **DENY** Mr. Cotner a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We agree with the district court that the balance of Mr. Cotner's petition seeks civil relief for alleged constitutional deprivations, and to excuse prepayment of all necessary filing fees for pursuit of such claims, he must show entitlement to *in forma pauperis* status. As noted above, that is precluded by the "three strikes"

provision of 1915(g)[3], and we therefore **DENY** permission to proceed *in forma pauperis*. In short, appellate review is unavailable for any aspect of this case. Accordingly, the appeal is **DISMISSED**.

We **DENY** Mr. Cotner's "Ex parte Petition to assume original jurisdiction addressed to Justice Seymour" and his "Ex parte application for 2241 habeas relief to Judge Seymour."

## Prospective Filing Restrictions

We have previously warned Mr. Cotner that he must comply with the requirements of 28 U.S.C. § 2244(b). *See Cotner v. Cody*, No. 96-5269, 1998 WL 4336 (10th Cir. Jan. 8, 1998). Because Mr. Cotner has refused to abide by court orders, and our court is burdened with his continuing frivolous filings, we *sua sponte* find it necessary to impose filing restrictions "commensurate with our inherent power to enter orders necessary and appropriate in aid of our jurisdiction under 28 U.S.C. § 1651." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998) (quotations omitted).[4] Mr. Cotner may not proceed in this

---

[3]     Mr. Cotner does not allege that he "is under imminent danger of serious physical injury" so as to circumvent the § 1915 bar. § 1915(g).

[4]     Because he has previously filed several habeas petitions under 28 U.S.C. § 2254 and § 2241, we assume that the district court for the Eastern District of Oklahoma will dismiss any outstanding petitions for habeas corpus for which Mr. Cotner has not already obtained an order from this court authorizing it to consider the habeas application pursuant to 28 U.S.C. § 2244(b)(3)(A). We also
(continued...)

court with original habeas petitions or appeals from the denial of any habeas petition unless he contemporaneously submits a separate document certifying that his claim has not been previously presented in a habeas petition and unless he makes the requisite showing under § 2244(b)(2).

Nor may Mr. Cotner proceed in this court in any civil action unless he is represented by a licensed attorney or first obtains permission to proceed pro se. [5] To do so, Mr. Cotner must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding, attaching a copy of this order;

2. Include in the petition a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court, with a statement indicating the current status or disposition of each proceeding;

---

[4](...continued)
note that the district court has imposed filing restrictions on civil rights actions brought by Mr. Cotner that it may enforce. *See Cotner v. Campbell*, 618 F. Supp. 1091 (E.D. Okla. 1985), *aff'd in part, vacated in part by Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (affirming imposition of restrictions).

[5] *See Cotner v. Nichols*, No. 95-5087, 1995 WL 649734 (10th Cir. Oct. 31, 1995) (approving similar restrictions imposed by district court for the Northern District of Oklahoma). We note that, because he has repeatedly abused the court's process, the United States Supreme Court has restricted Mr. Cotner from filing further petitions for writ of certiorari in civil matters unless he has paid a docketing fee and submitted the petition in compliance with Supreme Court Rule 33.1. *See Cotner v. Boone*, No. 99-9284, 530 U.S. 1271 (June 29, 2000). The Oklahoma Court of Criminal Appeals also restricted Mr. Cotner's ability to file, noting that he had filed forty-seven separate petitions and motions in the Court of Appeals and finding that he "abused his access to this Court by his repeated, duplicitous, and frivolous filings." *Cotner v. Creek County Dist. Court*, 911 P.2d 1215, 1218, 1221 (Okla. Crim. App. 1996).

3. File with the clerk a notarized affidavit reciting the issues he seeks to present, including a description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify his good faith in bringing the proposed action and that his arguments are not frivolous and are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

The clerk will forward these documents to the chief judge of the circuit for review to determine whether to permit the pro se appeal or other proceedings. Without the chief judge's approval, the matter will not proceed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules. Of course, because of his three strikes, Mr. Cotner must also prepay any relevant filing fees unless he makes the requisite showing under § 1915(g).

Mr. Cotner will have thirty days from the date of this order and judgment to file written objections, limited to ten pages, to these proposed restrictions. We reject the legal arguments Mr. Cotner made in his response to our order to show cause of September 19, 2001, and he shall not repeat those arguments, should he choose to file objections. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect forty-five days from the date of this

order and shall apply to any matter filed by Mr. Cotner with this court after that time.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge